**Plaintiff:**
Beth M. Van Dyke

**Defendants:**
Grand Rapids Community College
Spectrum Health

**FILED - GR**
April 26, 2018 3:00 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _mkc_ SCANNED BY: /s/

United States District Court
110 Michigan St., N.W.
Grand Rapids, MI 49503

**1:18-cv-470**
Robert J. Jonker
Chief U.S. District Judge

**Parties involved/defendants:**
Grand Rapids Community College
143 Bostwick Ave., N.E.
Grand Rapids, MI 49503

Spectrum Health
100 Michigan Ave., N.E.
Grand Rapids, MI 49503

## COMPLAINT

**Paragraph 1, Type of Claim Asserting:**
This civil action is a personal injury tort involving personal injury, personal property and libel and slander.

**Paragraph 2, Why plaintiff believes this court has jurisdiction over this matter:**
Federal district court has jurisdiction in this matter due to criteria set by 28 U.S.C. 1331, which states that district courts shall have original jurisdiction of all civil actions arising under the Constitution. Relevant to this civil action are: First, Fifth and Fourteenth Amendments. Fifth Amendment and Fourteenth Amendment are relevant here due to Due Process, Substantive Due Process and Vagueness of Policy/Omission aspects. Substantive Due Process is key in this civil matter. Under Fifth Amendment Vagueness Doctrine, a policy in place was so vague that it led to extreme arbitrary measures which are directly related to pain and suffering experienced by plaintiff.
The Fifth Amendment clause promises fair procedures before depriving a citizen of life, liberty or property. Based on precedents set under Educational Law, a student's education may be construed as a property right. First Amendment Free Speech was violated. Libel and Slander are also elements in this civil action.

As Grand Rapids Community College is a public institution of higher education, receiving state and federal funding for operations, GRCC should be accountable for its actions toward a student who has invested exorbitant amounts of time and money to attend and support that institution; Federal Student Loans, Pell Grants and Michigan Works were used in funding the plaintiff's education – an education which not allowed to be completed. Spectrum Health is inextricably linked to GRCC in this civil action, as its Grand Rapids Fuller Street Long Term Acute Care Hospital (LTACH) was the site partnering with GRCC, where student's/plaintiff's fieldwork took place. SUBSTANTIAL MISREPRESENTATION, as it relates to Education Law, is evident in this civil action; "any misrepresentation on which the person to whom it was made could reasonably be expected to rely, or has reasonably relied, to that person's detriment."
Because this civil matter involves a sum over $75,000.00, federal court is appropriate jurisdiction.

**Paragraph 3, Facts of Claim/Basis for Seeking Relief:**
(Facts of claim are stated briefly here, and expanded on in attachments included in this complaint.).
On March 3, 2016, I was given the final verdict by GRCC that I would not be able to re-take the fieldwork required to complete the Occupational Therapy program, thereby unable to become certified as an Occupational Therapy Assistant (OTA). Ten months prior, I received a C- failing grade at Spectrum Health's Long Term Acute Care Hospital (LTACH), 750 Fuller Ave., N.E. This fieldwork setting was an extremely challenging assignment, as LTACH was the only long term acute care facility of its type in the greater Grand Rapids area, treating patients with complex and multiple medical conditions. At a meeting on May 15, 2015, I was given a written verdict by the OTA program director, Karen Walker, stating that I would not be permitted to re-take fieldwork the following year. My GRCC advisor, Andre Fields, accompanied me to all meetings with OTA faculty, assistant dean and dean of Workforce Development. I had a meeting with a GRCC tribunal, but NOT to determine if I could take another fieldwork – only to grieve the final grade, which I asked to be made an incomplete. I was also attempting to "clear my name" of unfounded ethics breaches I was accused of in my final two weeks of fieldwork. Each dean agreed to meet with me regarding GRCC policy grievance, but informed me prior to meetings that I would not be given another fieldwork opportunity. In December of 2015, I wrote a letter to the president of GRCC, Stephen Ender, and to the provost. I informed them that I had not been allowed due process, as it had been pre-decided that I would not be allowed another fieldwork opportunity, and was told so by the deans before I officially met with them. The provost granted me a meeting, but informed me that my GRCC advisor was forbidden to attend. I was never allowed the opportunity to be present to discuss the circumstances of my fieldwork together with OTA professors, deans and provost all in the same room. I have had no opportunity to tell the story of my fieldwork experience (no one's actually ever asked...) or to defend myself from the OTA professors' "behind-closed-doors" claims against me. Matt Mekkes, GRCC OTA faculty member and fieldwork supervisor, informed me on my last day of fieldwork that I was prohibited to have any future contact with Spectrum Health staff; I had told him that I wanted to speak with the Spectrum OTA administrator about my fieldwork experience there. I adhered to his "gag order," which impeded my ability to further my pursuit of future fieldwork. This "gag order" was lifted by GRCC provost in January.

On March 29, 2015, I wrote an email (attached) to GRCC's fieldwork coordinator, Matt Mekkes. I informed him of my reluctance and fear of physical injury when handling/lifting morbidly obese patients 350-500 lbs. His only reply to this at my midterm assessment was that I needed to meet the expectations of fieldwork, and that if I didn't comply, other therapists could be harmed if I didn't "pull my own weight." After receiving high scores for ethics criteria and written comments on midterm of fieldwork: **"Follows policy well and demonstrates ethical practice. Clear and concise documentation skills. Builds great rapport with patients."** I was given low ethics scores on my final assessment. I also met with Audra, a therapy manager at LTACH. I informed her of the situation with morbidly obese patients and asked her if mechanical lifts were available. She informed me that no mechanical lifts were available for patients over 500 lbs. at LTACH. I was told by three people, Katlyn, my OTA supervisor, Audra/Spectrum therapy manager, and Matt Mekkes/OTA professor that "Injury is just a risk that you take in this field."

GRCC OTA Policy regarding fieldwork makeovers was vague, consisting of one sentence giving discretion to the OTA program director. Verbal responses to very direct questions by myself, and the entire classroom, were vague, inconsistent, and deflective; no direct answer was given to OTA students verbally when asking the question "point blank" in the classroom: "What happens if we fail fieldwork?" Policy was changed for the following year after my policy grievance with GRCC. Please see all attachments for further clarification.

**Paragraph 4, Re: Demand of Jury:**
Plaintiff demands a jury trial.

**Paragraph 5, Relief Sought:**
Plaintiff is seeking monetary compensation for monies borrowed to attend GRCC and to subsidize living expenses; wages lost in pursuit of OTA degree/certification ($75,000.00); loss of full time future wages as result of being denied opportunity to pursue OTA career (15+ years/$750,000.00). Seeking monetary compensation for emotional distress endured/enduring as a result of damages inflicted on plaintiff directly as a result of decisions made and actions taken to her detriment ($200,000.00).

_____      4-26-18
Signature                                         Date

Beth M. Van Dyke
316 Wallinwood Ave NE
Grand Rapids, MI 49503
(616) 238-3017