UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| BETH M. VAN DYKE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18-cv-470 |
| ) | |
| v. ) | Honorable Robert J. Jonker |
| ) | |
| GRAND RAPIDS ) | |
| COMMUNITY COLLEGE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

This is a civil action brought *pro se* by plaintiff. The lawsuit stems from a failing grade that plaintiff received in a fieldwork class in an occupational therapy assistant program at Grand Rapids Community College (GRCC). Plaintiff named GRCC and Spectrum Health as defendants. Plaintiff claims that defendants violated her First, Fifth and Fourteenth Amendment rights. She also claims that defendants violated Michigan law through negligence, libel, slander, and intentional infliction of emotional distress. Plaintiff seeks an award of damages.

Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 5). This action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B), which provides that the court "shall dismiss" actions brought *in form pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." For the reasons stated herein, I recommend that the complaint be dismissed for lack of diversity jurisdiction and for failure to

state a federal claim upon which relief can be granted. I recommend that the Court decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

## **Proposed Findings of Fact**

Plaintiff alleges that she was a student at Grand Rapids Community College (GRCC) located in Grand Rapids, Michigan. In 2013, she began her studies in GRCC's occupational therapy assistant program. (ECF No. 1-1, PageID.6). The program includes work in both the classroom and fieldwork. (*Id.*). Plaintiff's fieldwork took place at Spectrum Health's Fuller Street Long Term Acute Care Hospital. (ECF No. 1, PageID.1).

On March 29, 2015, plaintiff sent an email to GRCC's fieldwork coordinator expressing concern that, in handling patients, she might suffer "back or other musculo-skeletal related injury." Plaintiff wrote: "risk of injury is not a chance that I'm willing to take." (ECF No. 1-1, PageID.27). Plaintiff received responses from the fieldwork coordinator and others indicating that a risk of injury was inherent in the occupational therapy field. (ECF No. 1, PageID.2). Specifically, the fieldwork coordinator's response indicated that transferring patients was "a part of OT in nearly every setting," and that it was "an essential function" if plaintiff planned to work in the field. (ECF No. 1-1, PageID.24). "It is necessary that you meet the expectations of your fieldwork educator for what a [certified occupational therapy assistant] COTA would do in the setting to successfully complete the fieldwork placement. If you do not engage by assisting appropriately in transfers you are

putting your co-workers at risk of injury." (*Id.*).

On April 30, 2015, plaintiff failed her second fieldwork assignment. (ECF No. 1-1, PageID.6). She received low ethics scores. (ECF No. 1, PageID.2, ECF No. 1-1, PageID.11). When GRCC's field supervisor informed plaintiff of her C- final grade, plaintiff expressed her intent to contact Spectrum Health's OTA therapy administrator. The field supervisor indicated that plaintiff was forbidden to contact Spectrum administration, but plaintiff subsequently received a response from GRCC's provost that she could communicate with Spectrum Health's employees. (ECF No. 1, PageID.2; ECF No. 1-1 at PageID.10). Plaintiff pursued an appeal of her letter grade and she asked if she could receive a grade of "incomplete" instead. (ECF No. 1, PageID.2; ECF No. 1-1, PageID.25, 30).

On May 15, 2015, plaintiff received a written notice from the program director that she would not be permitted to retake fieldwork the following year. (ECF No. 1, PageID.2; ECF No. 1-1, PageID.29). GRCC's student handbook indicated that the decision whether to allow a student to repeat a course when offered the next year was reserved to the discretion of the program director. (ECF No. 1-1, PageID.15). On March 3, 2016, plaintiff received a "final verdict" from GRCC that she would not be able to re-take the fieldwork required to complete the occupational therapy program. (ECF No. 1, PageID.2).

Plaintiff states that she was dismissed from GRCC's occupational therapy assistant program. (ECF No. 1-1, PageID.35). She does not allege that she reapplied to GRCC's program or that she attempted to complete a similar program at any other

college or university.  Plaintiff has "long been 'over' the idea of ever becoming an OTA."  (*Id.* at PageID.7).

On April 26, 2018, plaintiff filed this lawsuit.

## Discussion

"Federal courts are courts of limited jurisdiction and the law 'presume[s] that a cause lies outside this limited jurisdiction.' " *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction."  *Vander Boegh*, 772 F.3d at 1064.  " 'Subject-matter jurisdiction can never be waived or forfeited,' and courts are obligated to consider *sua sponte* whether they have such jurisdiction."  *Id.* (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)).

### I.     Diversity Jurisdiction

Federal courts have original jurisdiction when there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  Complete diversity must exist between all plaintiffs and all defendants.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Evanston Ins. Co. v. Housing Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017).  Plaintiff addresses only the amount in controversy (ECF No. 1, PageID.1) and ignores the complete diversity requirement.  It is patent that complete diversity is lacking.  Plaintiff is a resident of Michigan.  She provides Grand Rapids Michigan addresses for both defendants (ECF No. 1, PageID.1) and she makes no factual allegations that defendants are citizens of a State other than

Michigan.

## II.   Federal Question Jurisdiction

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  This is often referred to as "federal question" jurisdiction.  Section 1983 does not create substantive rights but, rather, "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States[.]" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 394 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Spectrum Health

Plaintiff has not alleged facts indicating that defendant Spectrum Health acted under color of state law.  A private party's actions constitute state action under Section 1983 when its actions are "fairly attributable to the state." *Lugar v. Edmonson Oil Co.*, 457 U.S. at 937; *United Pet Supply, Inc. v. City of Chattanooga*, 768 F.3d 464, 478 (6th Cir. 2014).  Plaintiff's conclusory allegation that Spectrum Health is "inextricably linked to GRCC in this civil action, as its Grand Rapids Fuller Street Long Term Acute Care Hospital (LTACH) was the site partnering with GRCC, where student's/plaintiff's fieldwork took place" (ECF No. 1 at PageID.1) does not

suffice.  *See Warren v. Xlibris Corp.*, No. 1:11-cv-200, 2012 WL 266956, at *3 (W.D. Mich. Jan. 6, 2012).

      B.  GRCC

It is assumed for analytical purposes that GRCC is a state actor.  *See Carver v. Kalamazoo Valley Cmty. Coll.*, 1:14-cv-1070, 2014 WL 6073528, at *1 n.1 (W.D. Mich. Nov. 13, 2014); *Edwards v. Grand Rapids Cmty. Coll.*, No. 1:09-cv-1067, 2010 WL 5860415, at *4 (W.D. Mich. Dec. 21, 2010).

Plaintiff invokes the First, Fifth, and Fourteenth Amendments.  (ECF No. 1 at PageID.1).  Her reliance on the Fifth Amendment is misplaced.  "[T]he Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government."  *Scott v. Clay Cty., Tenn.*, 205 F.3d 867, 873 n. 8 (6th Cir. 2000); *see also Parker v. Burt*, 595 F. App'x 595, 600 n.3 (6th Cir. 2015) ("[T]he Fourteenth Amendment's Due Process Clause restricts the activities of the states, whereas the Fifth Amendment's Due Process Clause restricts the actions of the federal government.").

Plaintiff alleges that the GRCC's field supervisor's instruction not to contact Spectrum Health after she received her final grade constituted a "gag order," in violation of her First Amendment rights under the Free Speech Clause.  (ECF No. 1-1 at PageID.10).  This claim is likewise deficient.  "[T]he First Amendment's Free Speech Clause [is] applicable to the States under the Due Process Clause of the Fourteenth Amendment."  *Packingham v. North Carolina*, 137 S. Ct. 1730, 1733 (2017).

Plaintiff cannot base a claim against GRCC solely on the field supervisor's conduct because "*respondeat superior* is not available as a theory of recovery under section 1983." *Doe v. Claiborne Cty.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). "[T]he Sixth Circuit holds that a community college may not be held responsible in a civil rights action brought pursuant to 42 U.S.C. § 1983 on a *respondeat superior* theory, but that the requirements of *Monell* for municipal liability must be satisfied." *Edwards v. Grand Rapids Cmty. Coll.*, 2010 WL 5860415, at *4 (citing *Chonich v. Wayne Cty. Cmty. Coll.*, 874 F.2d 359, 366-67 (6th Cir.1989)). Accordingly, to state a claim under Section 1983 against GRCC, plaintiff must allege facts showing both the existence of an official custom or policy and "a direct causal link" between the policy and the alleged constitutional violation. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 401-02 (6th Cir. 2016).

Plaintiff has not identified any policy or custom of GRCC with regard to her speech, and she has not alleged facts from which a GRCC policy could be inferred from a field supervisor's instruction because there is nothing to suggest that he had final authority to establish GRCC policy. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986); *Hinton v. Mish*, No. 16-2741, __ F. App'x __, 2018 WL 300437, at *5 (6th Cir. Jan. 5, 2018) (Municipal liability attaches "'only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.'") (quoting *Pembaur*, 475 U.S. at 481). The provost advised plaintiff that she could contact Spectrum Health employees. (ECF No. 1-1,

PageID.10).

Plaintiff's purported procedural and substantive due process claims fail as well. Plaintiff did not have any protected liberty or property interest in retaking a course. Further, even assuming that her grade was a liberty or property interest for the purposes of protection under the Fourteenth Amendment, she received review through the college's appeal process. *See Cooley v. Western Mich. Univ.*, No. 17-2245, 2018 WL 1839988, at *3 (6th Cir. Apr. 5, 2018) (citing *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82, 90 (1978)). Dismissals for academic cause "do not necessitate a hearing before the school's decisionmaking body." *Bd. of Curators of Univ. of Mo.*, 435 U.S. at 87-90. "[A]cademic decisions by faculty members 'are not readily adapted to the procedural tools of judicial ... decisionmaking.' " *Cooley*, 2018 WL 1839988, at *3 (quoting *Bd. of Curators of Univ. of Mo.*, 435 U.S. at 89-90).

Plaintiff's claims fare no better when characterized as substantive due process claims. She claims that her substantive due process rights were violated because she was never allowed to "meet with the deans and OTA faculty in 'roundtable fashion' during the final decision making process regarding retaking of fieldwork." (ECF No. 1-1, PageID.10). "The interests protected by substantive due process are . . . much narrower than those protected by procedural due process." *Bell v. Ohio State Univ.*, 351 F.3d 240, 250-51 (6th Cir. 2003). Plaintiff did not have a substantive due process right in retaking fieldwork or continuing her medical education. *Id.*; *see Martinson v. Regents of Univ. of Mich.*, 562 F. App'x 365, 375 (6th Cir. 2014). Plaintiff's complaint fails allege any federal claim upon which relief can be granted.

### III. Supplemental Jurisdiction

As a general rule, in cases in which a federal court dismisses all federal claims, it will decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008). A district court has broad discretion in deciding whether to exercise supplemental jurisdiction. S*ee Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) ("Supplemental jurisdiction is a doctrine of discretion, not of ... right."). "[T]here is a 'strong presumption' in favor of declining to exercise jurisdiction over supplemental state-law claims after dismissing federal anchor claims[.]" *Martinez v. City of Cleveland*, 700 F. App'x 521, 523 (6th Cir. 2017) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996)). The presumption that a dismissal of the "anchor" or "touchstone" claims precludes the exercise of supplemental jurisdiction over any remaining claims can only be overcome in "unusual circumstances." *Musson Theatrical, Inc.*, 89 F.3d at 1255. I find that this case does not present the unusual circumstances necessary to overcome the general rule and strong presumption against this Court's exercise of supplemental jurisdiction.

### IV. Section 1915(a)(3)

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that I recommend

dismissal of the complaint, I recommend that, should the Court dismiss the action, it also find that there is no good-faith basis for an appeal.

**Recommended Disposition**

For the foregoing reasons, I recommend that the complaint be dismissed for failure to state a federal claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). I recommend that the Court decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims. I recommend that, should the Court dismiss the action, that it also certify under 28 U.S.C. § 1915(a)(3) that there is no good-faith basis for an appeal.

Dated:  May 14, 2018            /s/  Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge

**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).