UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETH M. VAN DYKE,

    Plaintiff,

v.

GRAND RAPIDS COMMUNITY
COLLEGE, *et al.*,

    Defendants.
_____/

CASE NO. 1:18-CV-470

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 7) and Plaintiff's Objection (ECF No. 8). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. The Court finds the Magistrate

Judge's Report and Recommendation, which recommends dismissing Plaintiff's federal claims and declining to exercise supplemental jurisdiction over Plaintiff's state law claims, factually sound and legally correct.

The Report and Recommendation provides a thorough and accurate account of the factual allegations detailed in Plaintiff's Complaint and supporting materials. (ECF No. 7, PageID.54-56.)[1] Fundamentally, Plaintiff Van Dyke's claims arise out of her earlier pursuit of an occupational therapy degree at Defendant Grand Rapids Community College ("GRCC"). She alleges that during required fieldwork at Defendant Spectrum Health's ("Spectrum") Long Term Acute Care Hospital, she notified her fieldwork coordinator that she was unwilling to transfer particularly heavy patients, because she feared injuring herself. The fieldwork coordinator and others responded that transferring patients is an essential function in the occupational therapy field, and that risk of injury is simply part of the job. Plaintiff received a failing grade for the fieldwork. She wanted to contact a Spectrum Health administrator. Her fieldwork coordinator indicated that she was not allowed to contact Spectrum's administration, but GRCC's provost later notified her that she was, in fact, allowed to contact Spectrum's employees. Plaintiff appealed her failing grade and sought to retake her fieldwork. Her program director considered the request and rejected it. Without a passing grade in the required fieldwork, she could not complete GRCC's occupational therapy assistant program. Plaintiff abandoned her plan to become a certified occupational therapy assistant.

Plaintiff Van Dyke brings claims under both federal and state law. Her federal claims arise under 42 U.S.C. § 1983, which establishes a civil action for deprivation of "rights, privileges, or

---

[1] The Report and Recommendation contains the heading "proposed findings of fact," but the Court is making no factual finding. The Court accepts the factual allegations as true for the sole purpose of determining whether Plaintiff states a claim upon which relief may be granted.

immunities secured by the Constitution and laws." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges violations of the First, Fifth, and Fourteenth Amendments of the United States Constitution.

The Magistrate Judge carefully and thoroughly considered all matters of record and the governing law. His analysis is entirely correct. Plaintiff cannot succeed on her claim that Spectrum violated the Constitution, because she has not alleged facts indicating that Spectrum acted under color of state law. Simply obtaining federal funds is not enough to transform a private hospital into a state actor.

But even assuming both Spectrum and GRCC are state actors, Plaintiff's constitutional claims fail. Constitutional claims are specific to the actor, and there is no respondeat superior liability. In the world of constitutional torts, entities like Spectrum or GRCC bear responsibility only if a policy or practice that violates the Constitution actually causes the injury. Entities are not vicariously liable for the constitutional torts of individual employees. Here, the only practice Plaintiff references concerns whether GRCC permits trying to remedy a failed course requirement. And there is no constitutional right to receive a certain grade or repeat a failed course. Moreover, Plaintiff had an opportunity to argue her position up the academic chain. The academic decision-makers simply disagreed with her. There may be federal or state statutes that bear on how an academic program requirement is applied, but there is no constitutional right at issue on this record.[2]

---

[2] To the extent Plaintiff attempts to assert a First Amendment claim based on her fieldwork coordinator preventing her from speaking with a Spectrum administrator, the claim fails because any deprivation was temporary and neither entity defendant adopted it as a policy or practice.

For these reasons and the additional reasons detailed in the Magistrate Judge's Report and Recommendation, dismissal is appropriate.[3]

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 7), with the clarification that the Court is making no factual finding, is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

3. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** under 27 U.S.C. § 1367(c)(3).

4. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Dated:   December 7, 2018             /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In her Objections, Plaintiff expresses a potential interest in avoiding the screening process of 28 U.S.C. § 1915(e)(2)(B) by paying the filing fee. Of course, if she actually can and wants to pay the fee despite her earlier sworn statements in support of *in forma pauperis* status, she may do so. But that would not change the merits of the case, and her case could remain vulnerable to dismissal on a motion from defendants under FED. R. CIV. P. 12(b)(6) for failure to state a claim. And that alone might be a basis to deny relief under Rule 59 and 60 even if she pays the fee.